**JOAQUIN C. ARRIOLA, JR., ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
C&A BUILDING, HAGÅTÑA, GUAM
P.O. BOX X, HAGÅTÑA, GUAM 96932
TELEPHONE: (671) 477-9730-33
TELECOPIER: (671) 477-9734

Counsel for Defendant *YOU SOON KIM*

**FILED**
DISTRICT COURT OF GUAM

FEB 21 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> YOU SOON KIM, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. **06-00062-001** <br><br> **MOTION FOR RELEASE PENDING TRIAL; MEMORANDUM IN SUPPORT** |

COMES NOW, Defendant YOU SOON KIM, through counsel Arriola, Cowan & Arriola, by JOAQUIN C. ARRIOLA, JR., and moves the Court to modify her conditions of release, pre trial, to permit her release pending trial. This Motion is based on 18 U.S.C. Section 3142, the attached Memorandum in Support, the record on file herein, and such other and further evidence and argument as may be presented at the hearing thereon.

Dated at Hagåtña, Guam: February 21, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *YOU SOON KIM*

_____
JOAQUIN C. ARRIOLA, JR.

**ORIGINAL**

## MEMORANDUM IN SUPPORT OF MOTION

Defendant YOU SOON KIM was indicted in November 2006, on one count of Fraud in Connection with Identification Documents. Specifically, it is alleged that Ms. Kim paid a third party to obtain a Guam Driver's license for her, and used a false Taxpayer Identification Number (TIN) on the driver's license application. At her initial appearance, Ms. Kim was detained citing lack of ties to the community.

Ms. Kim previously lived on Guam in 2004. She thereafter relocated to Hawaii and lived there for about six months. Ms. Kim returned to Guam in January 2006, where she was arrested at the airport due to the warrant outstanding in this case. Her son had been living on Guam with his paternal grandmother. Ms. Kim is estranged from her husband. On information and belief, the grandmother relocated the child to Korea. However, Ms. Kim maintains ties to Guam. She has fellow church members who are willing to provide her a place to reside pending this case. Ms. Yong Sk Oh has known Ms. Kim for more than a year and is willing to house her and provide employment for her while she remains on island pending this case. Ms. Kim has a B2 Visa.

Title 18, Section 3142 of the United States Code provides as follows:

**Section 3142. Release or detention of a defendant pending trial**

**(a) In general.** Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be–

>  (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

>  (2) released on a condition or combination of conditions under subsection (c) of this section;

**(c) Release on conditions.** (1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance

of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person–

>   (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and
>
>   (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person
>
> > (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;
> >
> > (ii) maintain employment, or, if unemployed, actively seek employment;
> >
> > (iii) maintain or commence an educational program;
> >
> > (iv) abide by specified restrictions on personal associations, place of abode, or travel;
> >
> > (v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;
> >
> > (vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
> >
> > (vii) comply with a specified curfew;
> >
> > (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;
> >
> > (iv) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 8021), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may required;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property shall have a new worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

**(g) Factors to be considered.** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning–

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(l)(B)(xi) or (c)(l)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Ms. Kim submits that she is not likely to flee or pose a danger to the safety of any other person or the community if released with conditions pending trial. She is able to remain in the United Stated with her B2 visa. She has a generous and compassionate friend from her church who is willing to provide shelter and employment for her on Guam. Defendant submits that with appropriate conditions of release, or more, such as electronic monitoring, house arrest or curfew, would assure her presence to return to Court for trial.

## CONCLUSION

For all the foregoing reasons, Defendant YOU SOON KIM respectfully requests that she be released on her own recognizance, on conditions, pending trial.

Dated at Hagåtña, Guam: February 21, 2007.

ARRIOLA, COWAN & ARRIOLA
Counsel for Defendant *YOU SOON KIM*

JOAQUIN C. ARRIOLA, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2007, a copy of the Defendant's Motion for Release Pending Trial and Notice of Hearing was served upon Plaintiff, United States of America, by hand-delivering a copy thereof to:

> United States Attorney's Office, Criminal Division
> Suite 500, Sirena Plaza
> 108 Hernan Cortez Avenue
> Hagåtña, Guam 96910

Dated at Hagåtña, Guam: February 21, 2007.

**ARRIOLA, COWAN & ARRIOLA**
Counsel for Defendant *YOU SOON KIM*

_____
JOAQUIN C. ARRIOLA, JR.