YKim.NCS

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUN 20 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00062 |
| Plaintiff, | |
| vs. | **UNITED STATES NOTICE CONCERNING SENTENCING** |
| YOU SOON KIM, | |
| Defendant. | |

COMES NOW the United States and hereby advises this Honorable Court that it believes that the crime for which defendant is to be sentenced, Fraud in Connection with Identification Documents, in violation of 18 U.S.C. 1028(a)(6), is a class A misdemeanor, rather than a felony.

The operative facts of this case are that defendant, who had entered as a tourist and remained illegally in the United States, paid a person to obtain a Guam driver's license. This person was working with Ina Lee, who was obtaining driver's licenses for many people, using forged letters purportedly from the Internal Revenue Service assigning Taxpayer Identification Numbers (TIN). Lee filed an application for a Guam driver's license with a confederate in the Motor Vehicle Division, using TIN 946-159-803 as defendant's means of identification. The TIN was false and does not belong to anyone. A Guam driver's license was issued to defendant using this false authentication feature.

The penalty section of this statute, 1028(b), is rather convoluted. Section 1028(b)(2)

-1-

provides a five-year penalty for the "production, transfer, or use of a means of identification, an identification document, authentication feature, or false identification document." This section also provides a wide range of penalties which are not applicable here, but which are all directed at the "production, transfer, or use." Section 1028(b)(6) is a catch-all provision: the penalty for "any other case" is a one-year misdemeanor.

Although defendant, through Ina Lee, "used" the IRS TIN letter, defendant has been charged under § 1028(a)(6), which concerns knowingly <u>possessing</u> an authentication feature. Given that the charge is under this section, the government believes that the penalty imposed must be pursuant to § 1028(b)(6), that is, a misdemeanor.

Respectfully submitted this  20th  day of June, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney